**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No.  11-cv-02239-REB-KMT

EDIE GARCIA,

    Plaintiff,

v.

HOTEL POWERS, INC., d/b/a HAMPTON INN,

    Defendant.

---

Civil Action No. 11-cv-02361-RPM

NICHOLE WITTER-GORTNER,

    Plaintiff,

v.

HOTEL POWERS, INC. d/b/a HAMPTON INN,

    Defendant.

---

## ORDER GRANTING MOTION TO CONSOLIDATE

**Blackburn, J.**

    The matter before me is the defendant's **Motion To Consolidate** [#6][1] filed September 29, 2011.  The plaintiff filed a response [#7], and the defendant filed a reply [#8].  I grant the motion.

    The determination whether to consolidate cases is governed by Rule 42(a) of the

---

[1] "[#6]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

Federal Rules of Civil Procedure, which provides, pertinently:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

**FED. R. CIV. P.** 42(a).[2]  This rule allows the court "to decide how cases on its docket are to be tried so that the business of the court may be dispatched with expedition and economy while providing justice to the parties." *Breaux v. American Family Mutual Insurance Co.*, 220 F.R.D. 366, 367 (D. Colo. 2004) (quoting 9 C. WRIGHT & A. MILLER, **FEDERAL PRACTICE AND PROCEDURE** § 2381 at 427 (2nd ed. 1995)).  The decision whether to consolidate cases is committed to my sound discretion.  *Shump v. Balka*, 574 F.2d 1341, 1344 (10th Cir. 1978).

The defendant moves to consolidate the two cases identified in the caption of this order.  Both cases plead claims for employment discrimination under Title VII.  The plaintiffs in both cases were employed by the defendant, Hotel Powers, Inc. d/b/a Hampton Inn, and both plaintiffs were terminated by the defendant on the same day.  Both plaintiffs bring claims of sex discrimination, hostile work environment, wrongful termination, and retaliation.  The defendant contends that both cases involve the defendant's decision to replace the staff at the hotel because the hotel was under performing and had multiple employee problems.

In Civil Action No. 11-cv-02239-REB-KMT, plaintiff, Edie Garcia, alleges that she was employed by the defendant and was harassed routinely by Jozef Petraszek, an

---

[2] As the district judge to whom the oldest numbered case involved in the proposed consolidation is assigned for trial, the question whether to consolidate these matters falls to me for determination.  *See* **D.C.COLO.LCivR** 42.1.

individual who is one of the owners of Hotel Powers, Inc. *Complaint* [#1], pp. 3 - 4. Ms. Garcia alleges that on September 22, 2010, Petraszek locked her in an office with him, screamed at her, threatened her, threw papers at her, and waved a hunting knife while yelling at her. *Id.* Ultimately, on September 27, 2010, Ms. Garcia was terminated by the defendant based on the defendant's allegations that Ms. Garcia was involved in credit card fraud and padding her time card. *Id.*, p. 4. Ms. Garcia denies these allegations.

In Civil Action No. 11-cv-02361-RPM, plaintiff, Nichole Witter-Gortner, alleges that she was employed by the defendant and was harassed routinely by Jozef Petraszek. *Complaint* [#1], pp. 3 - 4. Ms. Witter Gortner alleges that on September 24, 2010, she told Slawek Pietraszek, another owner of Hotel Powers, Inc., that she was going to call the police about Jozef Petraszek. Ms. Witter-Gortner says her employment was terminated on September 27, 2010. Ms. Witter-Gortner alleges that at the time of her termination, she was told her termination was based on low hotel scores. She alleges that she was accused later by the defendant of having relatives and friends stay improperly at the hotel and of being involved in a credit card scam. She denies these allegations.

Although there are some differences in the claims asserted by the two plaintiffs, their factual allegations and their Title VII claims generally are very similar. It is clear that common questions of law and fact predominate in these two cases such that consolidation will be appropriate and efficacious. Any differences in the claims asserted by the two plaintiffs can be accommodated in a consolidated case.

**THEREFORE, IT IS ORDERED** as follows:

1. That the defendant's **Motion To Consolidate** [#6] filed September 29, 2011,

is **GRANTED**;

2.  That under Fed. R. Civ. P. 42(a)(2) and D.C.COLO.LCivR 42.1, ***Witter-Gortner v. Hotel Powers, Inc. d/b/a Hampton Inn***, Civil Action No. 11-cv-02361-RPM is **CONSOLIDATED** with ***Garcia v. Hotel Powers, Inc. d/b/a Hampton Inn***, Civil Action No. 11-cv-02239-REB-KMT;

3.  That under D.C.COLO.LCivR 42.1, Civil Action No.11-cv-02361-RPM is **REASSIGNED** to United States District Judge Robert E. Blackburn;

4.  That under D.C.COLO.LCivR 42.1, Civil Action No.11-cv-02361-RPM is **ASSIGNED** to United States Magistrate Judge Kathleen Tafoya; and

5.  That all future filings in these consolidated actions **SHALL BE CAPTIONED** as shown below:

---

Civil Case No.  11-cv-02239-REB-KMT
(Consolidated with Civil Action No. 11-cv-02361-REB-KMT)

EDIE GARCIA and
NICHOLE WITTER-GORTNER,

      Plaintiffs,

v.

HOTEL POWERS, INC., d/b/a HAMPTON INN,

      Defendant.

---

      Dated October 28, 2011, at Denver, Colorado.

                                  **BY THE COURT:**

                                  *[signature: Bob Blackburn]*
                                  Robert E. Blackburn
                                  United States District Judge