**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No.  11-cv-02239-REB-KMT
(Consolidated with Civil Action No. 11-cv-02361-REB-KMT)

EDIE GARCIA, and
NICHOLE WITTER-GORTNER,

     Plaintiffs,

v.

HOTEL POWERS, INC., d/b/a Hampton Inn,

     Defendant.

**ORDER RE: MOTION FOR SUMMARY JUDGMENT**

**Blackburn, J.**

The matter before me is **Defendant's Motion Summary Judgment** [#35],[1] filed July 2, 2012.  I have jurisdiction over this matter pursuant to 28 U.S.C. § 133 (federal question).

I find and conclude that plaintiffs have failed to establish one or more essential elements of their state law claim for wrongful termination.  *See Martinez v. Eagle River Water & Sanitation District*, 2007 WL 2572413 at *5 (D. Colo. Sept. 6, 2007) (citing *Martin Marietta v. Lorenz*, 823 P.2d 100, 109 (Colo.1992)).[2]  Accordingly, defendant's

---

[1] "[#35]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF).  I use this convention throughout this order.

[2] "Colorado recognizes a claim for wrongful discharge in violation of public policy (sometimes referred to as a 'wrongful termination' claim)."

> The essential elements for proving a wrongful discharge claim are (1) the employer directed the employee to perform an illegal act as part of the employee's duties; (2) the action directed by the employer would violate a

motion for summary judgment as to that claim will be granted.

However, regarding plaintiffs' remaining claims, alleging violations of Title VII, having reviewed the motions and responses and the apposite arguments, authorities, and evidence presented by the parties, it is apparent that there exist genuine issues of material fact that are not appropriate for summary resolution.

**THEREFORE, IT IS ORDERED** as follows:

1. That **Defendant's Motion Summary Judgment** [#35], filed July 2, 2012, is **GRANTED IN PART** and  **DENIED IN PART**;

2. That the motion is **GRANTED** with respect to plaintiffs' Third Claim for Relief alleging wrongful termination in violation of Colorado state law, as set forth in their **Complaint and Jury Demand** [#1], filed August 25, 2011;

3. That at the time judgment enters, judgment **SHALL ENTER** on behalf of defendant, Hotel Powers, Inc. d/b/a Hampton Inn, against plaintiffs, Edie Garcia and Nichole Witter-Gortner, as to plaintiffs' Third Claim for Relief alleging wrongful termination in violation of Colorado state law, as set forth in their **Complaint and Jury Demand** [#1], filed August 25, 2011; provided, that the judgment as to this claim shall be with prejudice; and

---

> statute or clearly expressed public policy; (3) the employee was terminated as a result of refusing to perform the illegal act; and (4) the employer was aware or should have been aware that the employee's refusal was based upon the employee's reasonable belief that the act was illegal.

***Martinez v. Eagle River Water & Sanitation District***, 2007 WL 2572413 at *5 (internal citations omitted). Plaintiffs present no evidence or argument to support the conclusion that they were asked to perform any illegal acts in connection with their employment with defendant.

2

4. That in all other respects, the motion is **DENIED**.[3]

Dated November 1, 2012, at Denver, Colorado.

                                    **BY THE COURT:**

/s/ Bob Blackburn
Robert E. Blackburn
United States District Judge

---

[3] The issues raised by and inherent to the motion for summary judgment are fully briefed, obviating the necessity for evidentiary hearing or oral argument. Thus, the motion stands submitted on the briefs. *Cf.* **FED. R. CIV. P. 56(c)** and **(d)**. *Geear v. Boulder Cmty. Hosp.,* 844 F.2d 764, 766 (10th Cir.1988) (holding that hearing requirement for summary judgment motions is satisfied by court's review of documents submitted by parties).